IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN PABLO R.F., | Civil No. 1:26-cv-03238-MWJS |
| Petitioner, | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |
| vs. | |
| WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY, *et al.*, | A# 246-003-070 |
| Respondents. | |

## <u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS</u>

Petitioner JUAN PABLO R.F.[1] is an immigration detainee proceeding with an

amended petition for a writ of habeas corpus under 28 U.S.C. § 2241 (the "petition"),

Dkt. No. 11, and an amended application for temporary restraining order (the "TRO

application"), Dkt. No. 12.

He entered the United States on or about November 16, 2022, and was detained

by Border Patrol near Nogales, Arizona.  Rather than processing him for expedited

removal at that time, immigration authorities placed him into non-expedited removal

proceedings under § 240 of the Immigration and Nationality Act (INA), 8 U.S.C. §

---

[1]     For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

1229a.  Dkt. No. 11, at pg. 8; Dkt. No. 11-2.  After a period of detention, Petitioner was released pending his removal hearing.  His case was docketed with the Executive Office for Immigration Review (EOIR)—the agency within the Department of Justice that adjudicates immigration cases—on March 14, 2023.  Dkt. No. 11, at pg. 9.  After his release, Petitioner obtained employment authorization, worked as a plumber, and secured a Social Security number and driver's license.  *Id*.  His immigration proceedings remain ongoing, and the record reflects he had an immigration hearing scheduled for April 14, 2026.  The record does not reflect that Petitioner committed any material violation of any condition of his release.

But on March 26, 2026, immigration authorities transferred Petitioner from the Naples Jail Center in Florida—where he had arrived after a local arrest for violating a nonresident exemption on a driver's license—into immigration custody.  Immigration authorities then moved to classify Petitioner for expedited removal, notwithstanding that his non-expedited § 240 proceedings were still pending before EOIR and (so far as the record shows) no Immigration Judge had ever terminated those proceedings.  Petitioner has not been given any individualized custody hearing; no neutral decisionmaker has considered whether he now poses a danger community, whether he somehow has become a flight risk, or whether his release conditions should be revised.  Nor do Respondents suggest (as they plainly could not) that Petitioner's license-related arrest would support a finding that he has somehow become a danger or flight risk.

2

Petitioner now invokes this court's habeas jurisdiction.  He contends that because he remains in pending § 240 removal proceedings, his detention is governed by 8 U.S.C. § 1226(a) (under which he would be entitled to a bond hearing), not by 8 U.S.C. § 1225(b) (under which detention is mandatory).  Dkt. No. 11, at pgs. 3–5.  Many district judges, both in this district and others, have granted relief in cases analogous to this one.  *See, e.g.*, *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:25-cv-02821-MWJS, 2026 WL 1049713 (E.D. Cal. Apr. 17, 2026); *A.J.S.M.P., v. Mullin*, No. 1:26-CV-03163-MWJS, 2026 WL 1190220 (E.D. Cal. Apr. 29, 2026); *Jose C.L.L., Petitioner, v. Chestnut*, et al., No. 1:26-CV-03453-MWJS, 2026 WL 1275305 (E.D. Cal. May 7, 2026); *Garcia Mariagua v. Chestnut*, No. 1:25-cv-01744, 2025 WL 3551700 (E.D. Cal. Dec. 11, 2025); *Ortega v. Noem*, No. 1:25-cv-01663, 2025 WL 3511914 (E.D. Cal. Dec. 8, 2025).  The court has considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent.  To resolve this case, therefore, the court need only determine whether there is any factual or legal basis to distinguish those prior decisions.

The court issued an Order to Show Cause, calling on Respondents to identify "any factual or legal issues in this case that render it distinguishable" from those prior decisions cited above.  Dkt. No. 13.  The court appreciates Respondents' timely and candid opposition.  Dkt. No. 14.  Although Respondents maintain that Petitioner's detention is lawful, they agree that the factual and legal issues in this case are not

3

substantively distinguishable from those in the precedents cited above. *Id.*, at pg. 2.

Respondents confirm that their opposition also serves as their response to the petition,

and they do not request a hearing. *Id.*[2]

Given the lack of any factual or legal issues in this case that would distinguish it

from the prior orders that this court has found persuasive, IT IS HEREBY ORDERED

that the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED as to Count One,

for the reasons stated in those prior orders. Because it is unnecessary to resolve Counts

Two, Three, and Four of the petition, the court declines to do so.

Respondents are ORDERED to immediately release Petitioner Juan Pablo R.F.

(A# 256-003-070) from their custody. Respondents shall not impose any additional

restrictions on Petitioner, unless that is determined to be necessary at a future pre-

---

[2]   Respondents do, however, ask the court to hold this matter in abeyance pending the appeal in *Rodriguez v. Bostock*, No. 25-6842 (9th Cir.), Dkt. No. 14, at pg. 3, which presents the issue of whether § 1226(a) or § 1225(b) applies to individuals who entered the country without inspection (and without any contact with immigration authorities, let alone findings that they pose no flight risk or danger to the community), lived here for a period of time, and were then arrested by immigration authorities in 2025. Those are not the factual circumstances presented here. Petitioner did not enter the country without inspection; he was released on his own recognizance under § 1226(a) after immigration authorities implicitly determined that he did not pose a flight risk or a danger. And in detaining Petitioner now, immigration authorities have purported to discard their prior factual findings here without providing any pre-deprivation process or reason to believe that pre-deprivation process was not feasible. Nor have they identified any reason to believe any relevant circumstances have changed. Given these factual differences between this case and *Rodriguez*, and the nature of the relief Petitioner seeks, the court declines to hold this case in abeyance pending the resolution of the *Rodriguez* appeal.

deprivation/custody hearing. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal, or in the event exigent or urgent circumstances arise that justify arresting and detaining Petitioner before pre-deprivation process can be provided.

Given the foregoing, Petitioner's amended TRO application, Dkt. No. 12, is DENIED AS MOOT. The Clerk of Court is DIRECTED to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

DATED: May 15, 2026, at Honolulu, Hawai'i.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

Civil No. 1:26-cv-03238-MWJS; *Juan Pablo R.F. v. Warden, Golden State Annex Detention Facility, et al*; ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS